J-A10024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARIESET GALARZA-RUIZ | |
| Appellant | No. 1857 MDA 2014 |

Appeal from the Judgment of Sentence September 30, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000864-2014
CP-36-CR-0000921-2014
CP-36-CR-0000867-2014
CP-36-CR-0000925-2014
CP-36-CR-0000926-2014
CP-36-CR-0000927-2014
CP-36-CR-0000929-2014
CP-36-CR-0000933-2014

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 08, 2015**

Appellant, Arieset Galarza-Ruiz, appeals from the September 30, 2014 judgment of sentence, imposed following Appellant's guilty plea to ten counts of robbery, five counts of criminal conspiracy, and one count of burglary.[1]  After careful review, we remand and direct counsel to file a proper advocate's brief or file a petition to withdraw and accompanying brief

---

[1] 18 Pa.C.S.A. §§ 3701 (a)(1)(ii), 903, and 3502(a)(2), respectively.

in accordance with *Anders v. California*, 386 U.S. 738 (1967) and its progeny.

We summarize the relevant procedural background of this case as follows. On September 17, 2014, Appellant pled guilty to the aforementioned crimes.[2] At the guilty plea hearing, Appellant was represented by Christopher Lyden, Esquire (Attorney Lyden), whom the trial court had appointed to represent Appellant "in all proceedings before th[e trial] court and before any appellate court." Trial Court Order, 1/31/14.

On September 30, 2014, the trial court sentenced Appellant, and on October 9, 2014, Appellant filed a *pro se* motion to modify his sentence.[3] On October 16, 2014, the trial court ordered Attorney Lyden to file an amended motion to modify sentence on Appellant's behalf within 20 days.

---

[2] Specifically, Appellant pled guilty to one count of robbery at docket number CP-36-CR-0000864-2014; four counts of robbery and two counts of conspiracy at docket number CP-36-CR-0000867-2014; one count of robbery at docket number CP-36-CR-0000921-2014; one count of robbery and one count of conspiracy at docket number CP-36-CR-0000925-2014; one count of burglary at CP-36-CR-0000926-2014; one count of robbery and one count of conspiracy at docket number CP-36-CR-0000927-2014; one count of robbery at docket number CP-36-CR-000929-2014; and one count of robbery and one count of conspiracy at docket number CP-36-CR-0000933-2014.

[3] "We have held that a criminal defendant's *pro se* actions have no legal effect while he or she remains represented by counsel." *Commonwealth v. Hall*, 476 A.2d 7, 9-10 (Pa. Super. 1984); *see also Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant's *pro se* filings while represented by counsel are legal nullities), *appeal denied*, 936 A.2d 40 (Pa. 2007).

Trial Court Order, 10/16/14. On October 22, 2014, counsel complied and filed an amended post-sentence motion, and the trial court denied said motion on October 28, 2014.[4]

On November 4, 2014, Appellant filed a timely counseled notice of appeal.[5] Pursuant to Pennsylvania Rule of Appellate Procedure 1925, Appellant filed a statement of matters complained of on appeal on November 13, 2014, and the trial court issued its Rule 1925(a) opinion on November 25, 2014. The Rule 1925 statement filed by counsel asserts the following.

> Appellant entered an invalid plea, because counsel "gave [him] the understanding" that he would receive a lesser sentence. Present counsel concludes that [A]ppellant's claim is not reviewable on direct appeal and concludes that there are no non-frivolous claims to assert.

Appellant's Statement of Matters Complained of on Appeal, 11/13/14.

In the brief filed on Appellant's behalf, Attorney Lyden advances the following issue for our review.

> Is the direct appeal frivolous where the only claim alleges plea counsel provided ineffective assistance by giving Appellant the "understanding" that he

---

[4] We deem the trial court's October 16, 2014 order to be equivalent to a grant of leave to file post-sentence motions *nunc-pro-tunc*. Accordingly, we deem the October 22, 2014 post-sentence motion to be timely.

[5] We note that Appellant's notice of appeal purports to appeal from the October 28, 2014 order denying his post-sentence motion. However, a direct appeal in a criminal case can only lie from the judgment of sentence. ***Commonwealth v. Kuykendall***, 2 A.3d 559, 560 n.1 (Pa. Super. 2010) (citation omitted).

would receive a more lenient sentence than the court ultimately imposed?

Appellant's Brief at 4.[6]  Further, Attorney Lyden "requests this Court grant the motion to withdraw."  **Id.** at 8.  However, Attorney Lyden did not file a motion to withdraw for this Court's consideration.

In **Anders**, the United States Supreme Court discussed the obligation of appointed counsel to an indigent client during direct appeal with respect to crafting a balance between counsel's role as advocate and counsel's conclusion that any issue raised on direct appeal would be wholly frivolous.

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate [o]n behalf of his client, as opposed to that of amicus curiae.  The no-merit letter and the procedure it triggers does not reach that dignity.  Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court.  His role as an advocate requires that he support his client's appeal to the best of his ability.  Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.

**Anders**, **supra** at 745.  In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court delineated the requirements of an **Anders** brief which accompanies appointed-counsel's request to withdraw.

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of

---

[6] The Commonwealth elected not to file a brief in this case.

the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

Instantly, we conclude Attorney Lyden's representation falls short of that of an active advocate, and further, that he has not complied with the mandates of **Santiago** and **Millisock**. We reproduce Appellant's argument in its entirety.

> Appellant's claim implicated the effectiveness of prior counsel. Pursuant to **Commonwealth v. Grant**, 813 A.2d 726 ([Pa.] 2002), claims of ineffective assistance of counsel must first be raised in the lower court by filing a petition for relief under the Post Conviction Relief Act.
>
> Also, present counsel has reviewed the notes of testimony from the guilty plea and sentencing hearing. The record indicates that prior counsel[7] did not object during either proceeding. Therefore, to the extent there is a potential challenge to the in-court plea and sentencing hearings, such a claim would have to first be raised by claiming prior counsel failed to timely object. Therefore, pursuant

---

[7] Despite Attorney Lyden's references to the actions of "prior counsel," the certified record reveals he was appointed to represent Appellant throughout the proceedings and in fact did so before the trial court. We also note while Attorney Lyden references his review of the notes of testimony from both the plea and sentencing proceedings, only the former transcript is contained within the certified record. Therefore, this Court would be unable to review any potential challenge to the sentencing proceedings. **See Commonwealth v. Spotti**, 94 A.3d 367, 381-382 (Pa. Super. 2014) (*en banc*) (noting that Appellant bears the burden of ensuring the certified record is complete and concluding that this Court is precluded from reviewing that which an appellant has failed to include in the certified record), *appeal granted*, 107 A.3d 748 (Pa. 2015); **see also Commonwealth v. Vilsaint**, 883 A.2d 753, 758 (Pa. Super. 2006) (discussing counsel's stewardship and noting, "'[g]iven that this is a direct appeal, and that counsel has filed an **Anders** brief, it would be prudent if not mandatory for counsel to have ordered all the notes of testimony[]").

> to **Grant**, a claim challenging inadequacies of the in-court hearing must first be raised in the lower court.

Appellant's Brief at 7.[8]  Reading  counsel's stated issue on appeal together with the argument section of the brief, counsel argues only that the sole claim on appeal is frivolous because it involves the effectiveness of counsel and such claims are not cognizable on direct appeal.  **See id.** at 4, 7.  With respect to the technical requirements of **Santiago**, counsel has failed to substantially comply with any of its mandates.  First, in counsel's statement of the case, he provides a summary of the procedural history; however, counsel fails to include a single citation to the record.  Further, our review of the record reveals that counsel's summary is inaccurate and incomplete.  **See, e.g.**, Appellant's Brief at 5 ("[t]he charges included seven counts of robbery and one count of burglary[]").  Counsel does not refer to anything in the record arguably supporting the appeal, nor does counsel set forth his conclusion in the brief that the appeal is frivolous, excepting the reference in the question presented.  In counsel's argument, he fails to articulate the relevant facts of record that led to the conclusion that the appeal is frivolous.  **See Santiago**, **supra**.  Further, Attorney Lyden has not complied with the notification requirements of **Millisock**.  Accordingly, because Appellant was not advised in accordance with **Millisock**, he lacked awareness of his

---

[8] We note Appellant's argument section is identical to his summary of the argument section contained in his brief.  **See** Appellant's Brief at 6.

opportunity to retain new counsel, proceed *pro se*, or raise any additional points for this Court's consideration. **See Orellana**, **supra** at 880. Counsel's deficient performance in advocating on behalf of his client, or, alternatively, in informing his client and this Court as to why the appeal is wholly frivolous as our case law requires, necessitates that this case be remanded.

Based on the foregoing, we remand for counsel to either file an advocate's brief or a proper **Anders** brief and petition to withdraw that meets the requirements pursuant to **Anders** and **Santiago** within 21 days of the date of this decision. If counsel elects to file a petition to withdraw, he must also comply with the notice requirements of **Millisock**, and file proof thereof with this Court. Appellant will have 21 days from the filing of the petition to withdraw to file a *pro se* response, if he so chooses. We remind counsel on remand "that the right to representation on direct appeal is **not** satisfied merely by addressing those issues that the unschooled client wishes to advance."[9] **Orellana**, **supra** at 882 (emphasis in original). Moreover, "[t]he universe of potential claims is not limited to those claims

_____

[9] Attorney Lyden appears to indicate, in the 1925 statement and brief he filed on Appellant's behalf, that he was raising the issue precisely as phrased by Appellant. **See** Appellant's Statement of Matters Complained of on Appeal, 11/13/14; Appellant's Brief at 4. Without complying with the requirements of **Santiago**, this Court is unable to determine whether counsel considered other potentially meritorious issues on appeal or limited his review only to the issue advanced by Appellant.

that [the] client believes this court should consider." ***Id.*** (citation and emphasis omitted).

Case remanded. Jurisdiction retained.